FILED
JAN 0 9 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

'08 MJ 8010

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Mag. Case No. |
| Plaintiff, ) | COMPLAINT FOR VIOLATION OF: |
| ) | |
| v. ) | Title 8, U.S.C., Section 1324(a)(1)(A)(iii) |
| ) | Harboring Illegal Alien |
| Xavier Humberto LOPEZ-Borrego ) | |
| ) | |
| Defendant, ) | |

The undersigned complainant, being duly sworn, states:

On or about January 7, 2008, within the Southern District of California, defendant Xavier Humberto LOPEZ-Borrego knowing and in reckless disregard of the fact that an alien, namely, Salvador PINEDA-Ramirez, had come to, entered or remained in the United States in violation of law, did conceal, harbor or shield from detection such alien in a building located in Calexico, California; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii).

And the complainant states that this complaint is based on the attached statement of facts which, is incorporated herein by reference.

MICHAEL MIKUSKI
Senior Border Patrol Agent

SWORN TO BEFORE AND SUBSCRIBED IN MY PRESENCE THIS 9th DAY OF JANUARY 2008.

PETER C. LEWIS
United States Magistrate Judge

UNITED STATES OF AMERICA
v.
Xavier Humberto LOPEZ-Borrego

## STATEMENT OF FACTS

The complainant states that this complaint is based upon statements in the investigative reports by the apprehending officer, Border Patrol Agent M. Harrington, that on January 7, 2008, the defendant, Xavier Humberto LOPEZ-Ramirez, a native and citizen of Mexico was apprehended in Calexico, California, as he harbored, concealed, or shielded from detection one illegal alien in violation of law.

On January 4, 2008, Agent M. Sandoval was conducting surveillance approximately 0.5 mile east of the Calexico, California, West Port of Entry. At approximately 9:15 p.m., Agent Sandoval observed an individual, later identified as Xavier Humberto LOPEZ-Borrego, with a cellular phone, walk out of 737 Renaud Court, Apartment B, Calexico, and walk toward 739 First Street, Calexico, Agent Sandoval described LOPEZ as a short, skinny, shorthaired, Hispanic male wearing a white tank top t-shirt and jeans. Agent Sandoval observed LOPEZ waiting in the back of 739 First Street, talking on the cellular phone and looking south towards the United States/Mexico International Boundary Fence. Agent Sandoval heard noises coming from the United States/Mexico International Boundary Fence south of her position.

Moments later, Border Patrol Agent F. Gonzalez advised agents, via service radio, he had observed an individual, later identified as Salvador PINEDA-Ramirez, climb over the International Boundary Fence, and make an illegal entry into United States. Agent Gonzalez observed PINEDA run north from the border toward 739 First Street.

Agent Sandoval observed LOPEZ signaling with his hands to an individual coming from the border area, which was south of him. Agent Sandoval suspected this was the illegal entrant, PINEDA, Agent Gonzalez had reported. Agent Sandoval heard LOPEZ speaking in the Spanish language to the suspected illegal entrant telling him to hurry up and run to his location. Agent Sandoval observed both individuals run across Renaud Court toward the east side of 737 Renaud Court. The suspected illegal entrant was a tall, heavy set, short dark haired, Hispanic male, wearing blue jeans and a black hooded sweatshirt. Agent Sandoval ran toward the backyard of 737 Renaud Court and observed both individuals go in the back door of 737 Renaud Court, Apartment B.

Immediately behind the suspected illegal entrant, Agent Gonzalez came up the same route as the suspected illegal entrant. Agent Sandoval met with and confirmed with Agent Gonzalez that PINEDA was the same individual he had seen making an illegal entry into the United States.

Border Patrol Agents maintained a continuous visual on all entrances and exits to the building.

On January 5, 2008, PINEDA came out of 737 Renaud Court, Apartment B, Calexico, California. Agents questioned PINEDA about his citizenship and right to be in the United States. PINEDA told agents he is a native and citizen of Mexico and has no legal documentation to allow him to be in, reside or work in the United States. PINEDA was arrested and transported to the Calexico Border Patrol Station for further questioning and processing.

Material Witness Salvador PINEDA-Ramirez stated he made arrangements with a smuggler in Mexico to pay $2,500.00 to be illegally smuggled into the United States. PINEDA stated the smugglers helped him cross over the International Boundary Fence into the United States. PINEDA stated he ran to where the smugglers told him to go. PINEDA stated there was a

young man, LOPEZ, who was signaling him with the light and he ran to where the smuggler was. PINEDA stated suddenly there was an open door and LOPEZ told him to get in. PINEDA stated LOPEZ called by radio to say "I have him". PINEDA stated LOPEZ told him to calm down, stay and don't make any noise. PINEDA described LOPEZ as being about twenty to twenty-two years old, with tattoos, skinny, about five-foot-four to five-foot-six, about one hundred seventy pounds, with short hair wearing a sleeveless undershirt. PINEDA stated after entering the house someone knocked on the door. PINEDA stated he heard something that sounded like the word "patrol" when they were knocking. PINEDA stated when they knocked he didn't say anything. PINEDA stated LOPEZ also did nothing, he just stood there. PINEDA stated he stayed in the house overnight and in the morning he overheard LOPEZ talking to someone on the phone and told them the "Border Patrol was going to come in, they were surrounded and what do I do". PINEDA stated LOPEZ told the people who he was talking to he was going to let the kid out (PINEDA). PINEDA stated LOPEZ told him he had to leave because if they get them together it is going to be worse for him (LOPEZ) because they are going to take away his residency, and he was going to have more problems. PINEDA stated he noticed LOPEZ had a small monitor and was using it to see the back of the house. PINEDA stated it seemed like LOPEZ had a camera on the outside of the house. PINEDA stated LOPEZ told him they (Border Patrol Agents) were not there. PINEDA stated when he left the house and agents arrested him.

On January 7, 2008, a search warrant for the apartment where LOPEZ was still hiding in was issued and executed.

Agent Vega-Torres read LOPEZ his right per Miranda. LOPEZ stated he understood his rights and was willing to speak to agents without an attorney present. LOPEZ stated the illegal alien must have entered the apartment while he was sleeping. LOPEZ stated he not hear anyone

knocking on the door to the apartment on Friday night. LOPEZ stated the illegal alien left through the back door and was arrested by Border Patrol. LOPEZ stated he was watching through the window. LOPEZ stated for three days he was in the apartment before Border Patrol came in he slept, watched television, and talked on the phone.

PINEDA was shown a six pack photo-lineup and positively identified photo number one, LOPEZ, as the smuggler who guided him and later had him leave the house. PINEDA stated to agents before leaving the apartment, LOPEZ told him to say he was not guided to the apartment and there was no one else inside.

The complainant states that the names of the Material Witnesses are as follows:

| NAME | PLACE OF BIRTH |
| --- | --- |
| Salvador PINEDA-Ramirez | Mexico |

Further, complainant states that Salvador PINEDA-Ramirez, , are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.